UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMES DEARL SHUPE, )<br>)<br>Plaintiff, )<br>) Case No: 1:09-CV-138<br>v. )<br>)<br>SOLON K. SIMCOX, SUSAN D. SIMCOX, )<br>and HORACE MANN INSURANCE ) Chief Judge Curtis L. Collier<br>COMPANY, )<br>)<br>Defendants. ) | |

## MEMORANDUM

Before the Court are motions to strike or dismiss filed by Defendants Solon and Susan Simcox (Court File No. 10) and Horace Mann Insurance Company (Court File No. 11) (collectively "Defendants"). Plaintiff James Shupe responded to Solon and Susan Simcox's motion to dismiss (Court File No. 14) and also responded to the motion to dismiss filed by Horace Mann Insurance Company (Court File No. 15). For the following reasons, Defendants' motions to strike or dismiss will be **DENIED** (Court File Nos. 10, 11).

## I. FACTS

Plaintiff James Shupe ("Plaintiff") seeks damages for personal injuries sustained when he was struck as a pedestrian in Marion County, Tennessee, by a vehicle owned by Defendant Susan Simcox and driven by Defendant Solon Simcox (Court File No. 1 ("Compl.")). Plaintiff also named as a defendant, Horace Mann Insurance Company ("Horace Mann") because at the time of the injury, Plaintiff had a policy that included underinsured/uninsured motorist coverage (Compl. ¶¶ 39-

48). Plaintiff anticipates due to the extent of his injuries, Solon Simcox's insurance policy with Tennessee Farmers Mutual Insurance Company will be insufficient to compensate Plaintiff for his full damages and Solon Simcox is thus an underinsured motorist as defined by the insurance policy purchased from Horace Mann (Compl. ¶ 45). Plaintiff has made a demand on Horace Mann for the underinsured motorist coverage but Horace Mann has failed or refused to pay the full amount of the claim pursuant to the terms of its contract with Plaintiff (Compl. ¶ 46).

Defendants Solon and Susan Simcox and Horace Mann have both filed motions to dismiss the complaint and/or strike all mention of Horace Mann and Defendant Solon Simcox's insurance company, Tennessee Farmers Mutual Insurance Company (Court File Nos. 10, 11).

## II. STANDARD OF REVIEW

**Motion to Dismiss**

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), but that statement must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately

prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

**Motion to Strike**

Rule 12(f) allows a party to move to strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike "are generally disfavored, but are within the sound discretion of the district court." *Fed. Savings & Loan Ins. Corp. v. Burdette*, 696 F. Supp. 1183, 1186 (E.D. Tenn. 1988). To prevail on a motion to strike, the movant must show the challenged matter is "so unrelated to plaintiff's claims as to be void of merit and unworthy of any consideration. Further, the movant must establish that the presence of the references to be stricken from the pleading will be prejudicial to the moving party." *Robinson v. Midlane Club, Inc.*, No. 94-C-1459, 1994 WL 557219, at *2 (N.D. Ill. Oct. 18, 1994) (citing *Pelech v. Klaff-Joss, L.P.*, 828 F.Supp. 525, 536-37 (N.D.Ill. 1993)).

**III.    DISCUSSION**

Defendants submit similar arguments for dismissal under Fed. R. Civ. P. 12(b)(6) and for striking portions of the complaint under 12(f). Thus, the Court will consider these motions together.

**A.    Choice of Law**

3

In a diversity action, brought pursuant to 28 U.S.C. § 1332, the Court, sitting in Tennessee, must apply the substantive law, including the choice of law rules, of the forum state, that is, Tennessee. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). The parties do not dispute that Tennessee law governs Plaintiff's tort claims against both Solon and Susan Simcox. *See Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992) (adopting the "most significant relationship" approach, "the law of the state where the injury occurred will be applied unless some other state has a more significant relationship to the litigation"). The injuries occurred in Marion County, Tennessee, and thus Tennessee law will govern Plaintiff's tort claims against Solon and Susan Simcox.

At issue is the source of governing law for Plaintiff's claim against Horace Mann. In support of their motions to dismiss, Defendants assert Plaintiff has not complied with Tenn. Code Ann. § 56-7-1206 by filing suit against Horace Mann, the insurance carrier, directly (Court File Nos. 10-1, 12). Section 56-7-1206, which governs the procedure for making an uninsured motorist claim in the state of Tennessee, provides in part:

> any insured intending to rely on the coverage required by this part shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though the insurance company were a party defendant. . . evidence of service upon the insurance carrier shall not be made part of the record.

Tenn. Code Ann. § 56-7-1206(a).

In Plaintiff's responses to Defendants' motions to dismiss, he asserts he has complied with Florida law, which allows both the tort action and the contract claim for underinsured motorist benefits to be brought at the same time in the same proceeding. Based on the facts alleged in Plaintiff's complaint, this Court agrees Florida law will govern the contract claim between Plaintiff

4

and Horace Mann. "Tennessee follows the rule of *lex loci contractus*. This rule provides that a contract is presumed to be governed by the law of the jurisdiction in which it was executed absent a contrary intent." *Vantage Tech., LLC v. Cross*, 17 S.W.3d 637, 650 (Tenn. Ct. App. 1999) (citing *Ohio Cas. Ins. Co. v. Travelers Indem. Co.*, 493 S.W.2d 465, 467 (Tenn. 1973)). Plaintiff, a citizen of Florida, entered into the insurance contract with Horace Mann at a local office in Florida and following *lex loci contractus*, Florida law governs the claims arising out of the insurance contract.

This conclusion is further supported by the Court's decision in *Stakem v. Randolph*, where the Court determined because plaintiffs were both residents of Florida, and the subject insurance policies were written and delivered to them in the State of Florida, Florida law would govern the interpretation of their policies. 431 F.Supp.2d 782, 785 (E.D. Tenn. 2006) (involving a motor vehicle accident where the parties' agreement to arbitrate liability and damages under procedures of Tennessee uninsured motorist arbitration statute did not extend to issues regarding coverage which were to be resolved using Florida law).

### B. Application of Florida Law

Unlike Tennessee, Florida law allows a plaintiff to file suit against the driver in tort and against the insurance carrier in contract in the same proceeding. *See, e.g., Vaughn v. Progressive Cas. Ins. Co., et al.*, 907 So.2d 1248, 1250 (Fl. Dist. Ct. App. 2005) ("[Plaintiff] filed personal injury action seeking benefits under the uninsured/underinsured coverage of his automobile insurance policy issued by Progressive American Insurance Company. He also sought damages from [Defendant] which [Plaintiff] claims had been involved in the construction and repair work ."); *State Farm Fire & Cas. Co. v. Levine*, 875 So.2d 663 (Fl. Dist. Ct. App. 2004) (involving appeal by defendant driver and underinsured motorist carrier after automobile accident victim brought action against both and

5

obtained jury verdict); *Newman v. State Farm Mut. Auto. Ins. Co.*, 858 So.2d 1205, 1206 (Fl. Dist. Ct. App. 2003) (Plaintiff "filed suit against [driver] in January 1998. In January 1999, [Plaintiff] amended her complaint to add a count against State Farm, her uninsured/underinsured motorist insurance carrier.").

Because Florida law will govern the provisions of the insurance contract between Horace Mann and Plaintiff under Tennessee's conflict of law rules, Plaintiff may continue to maintain a direct suit against Horace Mann. The Court thus finds Plaintiff's complaint against Defendants Horace Mann, Solon and Susan Simcox plausible on its face and it should not be dismissed for failure to state a claim under Fed. R. Civ. P. 12 (b)(6). The Court does not assess the merits of the allegations or the likelihood of success at the pleadings stage.

Defendants' motions to strike portions of Plaintiff's complaint are also denied. Defendants seek to strike the paragraphs of Plaintiff's complaint that assert Plaintiff's breach of contract claim against Horace Mann. As this Court has discussed, Plaintiff may maintain this contract claim against Horace Mann under Florida law and thus, these portions of the complaint are not considered "redundant, immaterial, impertinent, or scandalous matter" under Fed. R. Civ. P. 12(f). Defendants have failed to meet their burden under Rule 12(f).

## III. CONCLUSION

For the foregoing reasons, the Court will **DENY** Defendants' motions to dismiss (Court File Nos. 10, 11).

An Order shall enter**.**

6

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**